UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
2017:

CONSTANCE DILLON,

    Plaintiff,

v

MSC CRUISES (USA) INC.,

    Defendant.

_____/

## COMPLAINT AND JURY DEMAND

**NOW COMES** the Plaintiff, CONSTANCE DILLON, by and through the undersigned counsel, and sues the Defendant MSC Cruises (USA) Inc., for damages, and alleges as follows:

1.    Jurisdiction of this Court is based on 28 USC § 1332, diversity of citizenship and the damages in this matter exceed $75,000.00.

2.    This action is within the jurisdiction of this Court pursuant to the General Maritime law of the United States, 28 USC § 1333,

3.    At all material times, Plaintiff, a United States Citizen and resident of the State of Michigan, is an adult and was a fare-paying passenger and business invitee of Defendant on the "MSC Divina."

4.    At all material times, Defendant was doing business in Broward and Dade, County, Florida, and was the owner/operator of the cruise vessel, Divina.

5.    That on or about January 29, 2016, Plaintiff having purchased a ticket for a cruise, became a passenger aboard Defendant's vessel, Divina. [**See Notice of Intent attached as Exhibit 1**, and incorporated herein as if set forth fully herein].

6. The Defendant's Ticket of Passage contains a venue section clause which mandates that Defendant be sued in Ft. Lauderdale, Broward County, Florida before the Federal District Court to the exclusion of all other venues.

7. The parties have diversity of citizenship, and this Court has jurisdiction over the parties pursuant to USC § 1332.

8. On January 29, 2016, Ms. Dillon was injured while walking on the deck of the ship near the Jacuzzi when she suddenly and without notice slipped in a large puddle of clear and transparent water, causing her to fall violently forward on her chin, face, right hand, and right knee.

9. The Plaintiff reported the injury to an employee, agent, and/or servant of the Defendant.

10. For the remainder of the cruise, Plaintiff continued to experience pain remained in her cabin until she departed the ship.

11. The Plaintiff had invitee statute while aboard the ship and did contract through Defendant to maintain the facilities which were open for use by the passengers.

12. The Defendant owed a duty of reasonable care to Plaintiff which included, but was not limited to, taking all reasonable precautions to insure the safety of the passengers and the Plaintiff; to undertake reasonable training and supervision of its employees; and to ensure passengers were safe from unreasonable risks of harm; and to warn passengers of any unreasonable risks of harm aboard the vessel.

13. Defendant knew, or reasonable should have known, of the risk of harm which could be and was caused by the threshold of the shower, failing to inspect the area

and warn those onboard the ship, and should have expected that Plaintiff would not discover or be able to protect herself from that uncommon risk.

14.     Defendant knew, or reasonably should have known of the risk of harm which could be and was caused by the standing water and should have warned Plaintiff of the possible danger with a visible marker or eliminate the hazard.

15.     Defendant, individually and / or through its employees, was / were negligent in one or more of the following particulars which caused damage to Plaintiff as alleged in this complaint:

a.     taking all reasonable precautions to ensure the safety of the passengers;
b.     to undertake reasonable training and supervision of its employees; and to ensure passengers were safe from unreasonable risks of harm;
c.     to warn passengers of any unreasonable risks of harm; and,
d.     Did not inspect the conditions.

16.     The Plaintiff has suffered severe injury and damages as a direct and proximate result of Defendant's negligent acts or omissions in excess of $75,000.00.

17.     That as a result of the negligence of Defendant, Plaintiff has suffered serious non-economic damage, including severe physical injury, pain and suffering, emotional and psychological distress, loss of enjoyment of life, reduced life expectancy, and other non-economic damages.

18.     That as a result of the negligence of Defendant, Plaintiff has suffered serious economic damage, including past and future doctor, and hospital and other medical expenses, the exact amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff prays for the following relief:

1.  That the court award Plaintiff judgment against Defendant for an amount to be determined by a jury, for such sums as shall be determined to fully and fairly compensate Plaintiff for all non-economic and economic damages incurred, or to be incurred, by Plaintiff as the direct and proximate result of the negligent acts and omissions of Defendant, plus interest.

2.  That the court awards Plaintiff her respective costs and disbursements.

3.  That the court awards such other and further relief as it deems necessary and equitable in the circumstances.

> /s/ Michael G. Heilmann
> *Michael G. Heilmann*
> *Florida Bar No. 353957*
> 23394 Goddard Road
> Taylor, MI 48180
> (734) 307-3800
> mgh@dialaw.net
> cassie@dialaw.net
> **ATTORNEY FOR PLAINTIFF**

Dated:  January 23, 2017

## DEMAND FOR JURY TRIAL

Plaintiff CONSTANCE DILLON, hereby demands a trial by jury on all issues so triable.

/s/ Michael G. Heilmann
Michael G. Heilmann
Florida Bar No. 353957
23394 Goddard Road
Taylor, MI 48180
(734) 307-3800
mgh@dialaw.net
cassie@dialaw.net
**ATTORNEY FOR PLAINTIFF**

Dated: January 23, 2017

# EXHIBIT 1



**DOWNRIVER INJURY & AUTO LAW**

MICHAEL G. HEILMANN, ESQ. LICENSED IN MICHIGAN, FLORIDA AND COLORADO
CASSANDRA L. BOOMS, ESQ. LICENSED IN MICHIGAN

April 1, 2016

## NOTICE OF CLAIM FOR PERSONAL INJURY

TO:   MSC Cruises USA, INC.
      6750 North Andrews Avenue, Suite 100
      Fort Lauderdale, Florida FL 33309 USA

Re:   Pass Holder:       Constance Dillion
      Cruise Ship:       MSC Divina
      Date of Sailing:   January 25, 2016 to January 30, 2016
      Date of Injury:    January 29, 2016

To Whom This May Concern:

This notice is issued to MSC Cruises USA, INC., its employees, its agents and independent contractors.

The undersigned represents Constance Dillion, date of birth 09/20/1952, whose address is 4257 Gatesford Circle, Troy, MI 48085, USA, and who purchased a cruise ticket from MSC Cruises USA INC.

On January 25, 2016, Ms. Dillion took a MSC Cruises USA, INC. cruise aboard the MSC Divina.

On January 29, 2016, Ms. Dillion was injured while walking on the deck near the Jacuzzi when she suddenly and without notice slipped in a large puddle of water, causing her to fall violently forward on her chin, face, right hand, and right knee.

Ms. Dillion suffered severe injuries to her chin, face, neck, hands, fingers, and knees included, but limited to strains, cut and lacerations, and broken teeth.

At all times relevant hereto, MSC Cruises USA, INC. was representing to the public, customers, and Ms. Dillion, that its ship, facilities, and amenities were safe and a place of enjoyment instead of danger. MSC Cruises USA, INC. owed a duty of care to provide a cruise ship environment free of danger to human health and safety. MSC Cruises USA, INC. has a duty to properly maintain, control, and inspect its ship, facilities, and amenities, and to exercise due care to prevent injury to its customers. MSC Cruises USA, INC. breached these duties.

MSC Cruises USA, INC. is responsible for Ms. Dillion's injuries. MSC Cruises USA, INC. violated its duties to its passenger, Ms. Dillion, in failing to ensure that the deck was maintained in a reasonably safe condition so as to allow passengers to traverse the deck in a safe manner and without risk of harm.

Notwithstanding these duties, MSC Cruises USA, INC. breached these duties in certain ways which include by illustration, and not of limitation, the following:

a. Negligent training of employees.

b. Negligent supervision of employees.

c. Negligently installing and maintaining a deck that is unreasonably slippery when wet.

d. Negligently failing to inspect and maintain the deck in a reasonably safe condition so as to allow passengers to safely traverse the deck.

e. Negligently failing to warn passengers of unsafe deck conditions.

f. Negligently failing to inspect the deck of unsafe conditions.

g. Performing other acts of negligence not yet known by Ms. Dillion but which will be ascertained during the discovery of this litigation.

As a direct and proximate result of the above-mentioned breaches by MSC Cruises USA, INC., Ms. Dillion sustained serious and permanent injuries, and/or aggravation of per-existing medical conditions, as described above that affect her daily life and other injuries that may become apparent from her medical records and physicians during the course of discovery and/or otherwise permitted by law.

Ms. Dillion's injuries are or may be permanent in nature, and as a direct and proximate result of MSC Cruises USA, INC.'s negligence, passive and/or active, and/or omissions, Ms. Dillion has suffered and will continue to suffer in the future pain, discomfort, scarring, suffering, embarrassment, humiliation, mortification, mental anguish, the denial

**23394 GODDARD ROAD, TAYLOR, MI 48180**
**PHONE: 734-307-3800**
**FACSIMILE: 866-270-8438**

of social pleasures, lost wages, an inability to work, and other damages allowable by law and that may become apparent during the course of discovery.

Ms. Dillion also incurred medical bills and as a result of the abovementioned injuries.

MSC Cruises USA, INC., had a duty to comply with all applicable state and federal regulations. MSC Cruises USA, INC., failed to comply with the provisions of the health and safety acts identified above, and, as a result, was negligent per se.

Ms. Dillion has sustained medical expenses, loss of family vacation time and enjoyment for which he has paid, pain, suffering, and will in the future sustain medical expenses as a direct and proximate result of MSC Cruises USA, INC.'s negligence.

Constance Dillion is claiming that due to negligence by MSC Cruises USA, INC., individually and through the acts of its agents, servants and employees, she has been injured and sustained personal injury and is hereby giving notice of the claim in writing through his attorney, Michael G. Heilmann, Florida Bar No. 353957. Undersigned Counsel is claiming a lien on any proceeds paid to Constance Dillion. Additionally, this Notice of Claim is being presented pursuant to the terms and conditions set forth in the ticket of passage which is set forth in the contract. Constance Dillion is making a demand for immediate resolution of his claim. If MSC Cruises USA, INC. claims a deficiency in the foregoing notice, Constance Dillion, demands immediate notice of the nature of the claimed deficiency and the manner and method in which the claimed deficiency prejudices respondent, MSC Cruises USA, INC.

Very truly yours,

*Michael G. Heilmann*

Michael G. Heilmann, Esquire

MGH/cw



**Guest(s)**
DILLON CONSTANCE
KOLESER PATRICIA

Booking number 22039694

**Here are your booking details**

| | |
|---|---|
| Itinerary | United States, Jamaica, Cayman Islands |
| Embarkation Date: | 01/25/16 |
| Embarkation port: | Miami, Florida |
| Departure Time: | 19:00 |
| Stateroom: | 11131 |
| Disembarkation Date: | 01/30/16 |
| Disembarkation Port: | Miami, Florida |

Dear Traveller,

I would like to thank you for choosing MSC Cruises.

We are honoured to have you on board MSC DIVINA. MSC Cruises is the world's largest privately owned cruise company. Our passion for what we do is the passion of a family that has sailed the seas for generations. And we express it through the attention to details that every guest deserves. The kind of details that make you curious, get you excited, or give you a smile you'll never forget. On board, you'll discover our unique recipe for making people happy, based on our commitment to quality, our expertise in everything we do, and above all our dedication to making every moment special.

You'll experience a voyage of discovery to superb destinations. And you'll do so in the comfort of MSC DIVINA, a floating resort combining cutting–edge technology, timeless glamour and excellent service, surrounded by people who are always ready to listen to your needs and wishes. In the remaining pages of this personalised ticket and cruise booklet, you will find all the information you need to prepare for your holiday, embark smoothly and enjoy a wonderful experience. Because the journey you are about to embark on is not just any cruise. It's an MSC Cruise.

I wish you a fantastic holiday.

Pierfrancesco Vago
Executive Chairman MSC Cruises
Geneva HQ

| Ship: | MSC DIVINA | Stateroom: | 11131 | Embarkation Date: | 01/25/16 | Booking number | 22039694 | Page | 1 |
|---|---|---|---|---|---|---|---|---|---|

www.msccruisesusa.com

Ticket Nr.: 0007207093